UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

STEPHANIE R. STOVALL                                         PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:09CV614-DPJ-FKB

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY                                   DEFENDANT

## ORDER

This cause is before the Court on the Report and Recommendation [32] of the United States Magistrate Judge, after referral of hearing by this Court. Magistrate Judge Ball considered the parties' submissions and concluded that Defendant's Motion [27] to Affirm the Commissioner's Decision should be granted. After reviewing the findings in the Report and Recommendation [32], together with Petitioner's objections [35], and being otherwise duly advised in the premises, the Court finds that, based on the applicable standard, the Report and Recommendation should be adopted as the opinion of this Court.

I.     Procedural History

Plaintiff filed for disability, disability insurance benefits and supplemental security income on June 15, 2006, alleging she became disabled on June 6, 2006 as a result of blood clots, breathing problems, and leg pain. When her applications were denied initially and on reconsideration, Plaintiff sought a hearing before an administrative law judge (ALJ). The ALJ found that Stovall had the severe impairments of obesity, degenerative disc disease, and depression, but was not disabled. The ALJ found Plaintiff had the capacity to perform sedentary work, limited to only simple, repetitive tasks. The Appeals Council denied review, making the decision of the ALJ the final decision of the Commissioner. Plaintiff filed the instant action, seeking to set aside the Commissioner's decision. In his Report and Recommendation granting

the Defendant's Motion to Affirm the Commissioner's Decision, the Magistrate Judge found that Plaintiff's alleged errors were without merit and that substantial evidence supported the Commissioner's findings. Plaintiff now objects to the Magistrate Judge's Report and Recommendation.

II. Analysis

    A. Standards

The ALJ must follow the standard five-step sequential analysis to determine whether the claimant is disabled. This includes:

> whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. If, at any step, the claimant is determined to be disabled or not disabled, the inquiry is terminated.

*Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007) (citing *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987)). "The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Id.* at 448. If the Commissioner makes this showing, "[t]he burden then shifts back to the claimant to show he cannot perform the alternative labor." *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987).

Once the Commissioner's decision is made, review "is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). In this case, the ALJ applied the correct legal standard, so the question turns on the strength of the evidence. Significantly, this Court "cannot reweigh the evidence, but

2

may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). "If the Commissioner's fact findings are supported by substantial evidence, they are conclusive." *Perez*, 415 F.3d at 461 (citing *Richardson*, 402 U.S. at 390).

B. Plaintiff's Objections

Although the Report and Recommendation thoroughly addresses a host of issues, Stovall limits her objections to two general points: (1) the ALJ erred in failing to designate other impairments as serious at Step 2; and (2) the ALJ should have order a post-hearing consultative examination. After conducting an exhaustive review of the entire record, the Court concludes that neither objection merits relief for the reasons stated in the Report and Recommendation. That said, the Court will address a few additional points. Those not addressed would not alter the result.

1. Additional Severe Impairments

Plaintiff first argues that the ALJ failed to find that she suffers from the following additional severe impairments at Step 2: greater trochanteric bursitis of the hip, breathing problems, borderline intellectual functioning, and psychosis associated with depression. Pl.'s Objections [35] at 1. As an initial point, Stovall's objection raises a new argument to the extent she contends that sacroiliitis is an additional severe impairment, separate and apart from her degenerative disc disease that the ALJ *did* find to be a severe impairment. *See* Plaintiff's Br.

[20] at 2–3. Because she failed to raise this argument before the Report and Recommendation, it is waived. *See*, *e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 and n.5 (5th Cir. 1994) (citing *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-991 (1st Cir. 1988) (explaining that a party "has a duty to put its best foot forward" before the Magistrate Judge-*i.e.*, "to spell out its arguments squarely and distinctly"-and, accordingly, that a party's entitlement to de novo review before the district court upon filing objections to the Report and Recommendation of the Magistrate Judge does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge)).

Regardless, the failure to designate sacroiliitis and other impairments as severe at Step 2 is not dispositive. The ALJ repeatedly noted that he considered the record as a whole and considered "all symptoms" when developing Stovall's Residual Functional Capacity (RFC). Despite Stovall's combination of serious and non-serious impairments, the RFC concluded that she could perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) performing only simple, repetitive tasks. ALJ Decision [8-2] at 5. The RFC is supported by substantial evidence referenced in the ALJ Decision and the Report and Recommendation, including Stovall's medical records and her ability to live independently, perform household chores, and retain a driver's license. Thus, because all impairments were considered, there is no prejudice in the severity rulings at Step 2. *See Herrera v. Comm'r of Soc. Sec.*, 406 F. App'x 899, 903 (5th Cir. 2010) ("[T]his case did not turn on a finding that Herrera's impairments were not severe at step two; rather, the ALJ concluded that Herrera was not disabled because, despite his severe impairments, he retained the residual functional capacity to do other work") (string citations omitted).

Finally, the ALJ received expert testimony that positions existed matching Stovall's RFC. "The burden then shift[ed] back to the claimant to show [s]he cannot perform the alternative labor." *Chaparro*, 815 F.2d at 1010. Stovall appears to address this point somewhat by observing that sitting "would be difficult" for a person with her impairments. Pl.'s Objections [35] at 3. But she has not identified an opinion from any of her doctors limiting her ability to sit.[1] "Since [Stovall] offered no evidence that she was incapable of performing the types of work that the ALJ determined were available and that she was capable of performing, [she] failed to meet her burden of proof under the disability test." *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (followed by *Palomo v. Barnhart*, 154 F. App'x 426, 430–31 (5th Cir. 2005)).

2. Denial of Post-Hearing Consultative Evaluation

Second, Plaintiff objects to the Magistrate Judge's failure to find error in the ALJ's denial of Plaintiff's request for a post-hearing consultative mental evaluation. She contends that a post-consultative evaluation was necessary to fully and fairly develop the record. Pl.'s Obj. [35] at 5–7. The Court, however, agrees with the Magistrate Judge and hereby adopts the Magistrate Judge's evaluation and findings on this issue.

---

[1]Stovall states that the impairments restricting her sitting are reflected in her medical records. *Id.* (citing Tr. 451–54). Those same records do report that Stovall complained that she could not sit for "long periods of time." Tr. 451. But they neither opine on the subject nor place Stovall under any sitting restrictions. Finally, Stovall testified that she cannot sit for more that 5 or 10 minutes. Doc. 8-2 at 40. The ALJ heard this testimony yet rejected all statements inconsistent with the RFC as lacking credibility. Substantial evidence supported that determination.

III. Conclusion

The Court, having fully reviewed the Report and Recommendation of the United States Magistrate Judge entered in this cause, and being duly advised in the premises, finds that said Report and Recommendation should be adopted as the opinion of this Court.

IT IS, THEREFORE, ORDERED that Plaintiff's objections to the Report and Recommendation are hereby overruled.

IT IS FURTHER ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court, Defendant's motion is granted, the decision of the Commissioner is affirmed, and this action is dismissed with prejudice.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 29th day of March, 2012.

              s/ *Daniel P. Jordan III*
              UNITED STATES DISTRICT JUDGE